## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## OWENSBORO DIVISION

| | |
|---|---|
| **BRENDA SCHROADER,** | |
| **Plaintiff,** | Civil Action No. <u>4:21CV-00007-JHM</u> |
| **v.** | |
| **LIFE INSURANCE COMPANY of NORTH AMERICA,** | **COMPLAINT** |
| **Defendants.** | |

### Introduction

1.      This complaint seeks legal and equitable damages arising from and relating to a long-term disability policy administered by Defendant.

2.      The headings contained in this complaint are intended only to assist in reviewing the statements and allegations contained herein.  To avoid the unnecessary repetition in each section, Plaintiff hereby affirms and incorporates each paragraph in each section of this complaint as though fully set forth therein.

3.      The factual allegations found in this complaint are not exhaustive, and are presented throughout this complaint so as to provide the requisite notice of the basis for Plaintiff's allegations.

### Jurisdiction & Venue

4.      This Court has subject matter jurisdiction over the claims asserted in this action for monetary and equitable relief under Federal Question Jurisdiction pursuant to 28 U.S.C. § 1331 and the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(e)(1) and § 1132(f).

5.      Venue is appropriate in the United States District Court for the Western District

of Kentucky pursuant to 29 U.S.C. § 1132(e)(2) and 28 U.S.C. § 1391.

### Parties

6.     Plaintiff Brenda Schroader ("Ms. Schroader") is a citizen of the United States, a resident of the Commonwealth of Kentucky, and an insured participant under the long-term disability insurance policy ("Policy") at issue in this lawsuit.

7.     Defendant Life Insurance Company of North America ("LINA") is the underwriter and insurer for the disability insurance policy at issue in this lawsuit.  At all relevant times, LINA was doing business within the Commonwealth of Kentucky and may be found in this district.

### Facts

8.     Ms. Schroader is insured under an LTD policy issued by LINA.

9.     Ms. Schroader ceased work in October 2015 because of the physical limitations resulting from her disabling conditions and corresponding treatment regimen.  Subsequent to ceasing work, Ms. Schroader has remained continuously disabled and unable to physically perform the duties necessary to engage in either her prior employment or any gainful employment.

10.     LINA agreed Ms. Schroader was disabled and provided her with disability benefits under the Policy through July 2019.

11.     In a letter dated July 2019, LINA notified Ms. Schroader that her LTD benefits under the Policy had been terminated.

12.     At the time her LTD benefits were terminated, Ms. Schroader's disabling conditions had not improved and her corresponding treatment regimen had not changed.

13.     The termination of Ms. Schroader's LTD benefits was flawed for a number of reasons, including, *inter alia*:

- LINA failed to establish any improvement in Ms. Schroader's functional limitations.

- LINA failed to provide any "explanation", aside from boilerplate and conclusory language, for its disagreement with Ms. Schroader's award of Social Security Disability Income ("SSDI") benefits.

- LINA failed to present the views of its vocational personnel in a manner calculated to be understood by the Ms. Schroader, including *inter alia* failing to explain how she could perform these occupations within her restrictions and limitations.

- LINA failed to provide an explanation for disagreeing with Ms. Schroader's treating and examining physicians.

14.     In administering Ms. Schroader's claims, as the termination letters make clear, LINA actively sought to terminate her disability benefits.

15.     Ms. Schroader timely appealed LINA's decision and submitted additional voluntary appeals.

16.     LINA denied each of Ms. Schroader's appeals.

17.     On January 8, 2021, LINA issued its most recent appeal denial—upholding its decision to terminate Ms. Schroader's disability benefits.

18.     The appeal decision was flawed for a number of reasons, including, *inter alia*:

- LINA failed to provide its additional/new evidence "as soon as possible and sufficiently in advance of the date" on which its decision was due.

- LINA *again* failed to establish any improvement in Ms. Schroader's functional limitations.

- LINA *again* failed to provide an "explanation" for its disagreement with Ms. Schroader's award of SSDI benefits—except to claim, without evidence, that she could use "vacation, sick pay and/or intermittent FMLA" if she needed to miss work.

- LINA *again* failed to explain how Ms. Schroader could perform the two identified occupations within her restrictions and limitations (e.g., no driving, no lifting with right hand, no pushing/pulling with right hand, no balancing, no stooping, no kneeling, no climbing

stairs/ladders, etc.).

- LINA *again* failed to explain why it disagreed with Ms. Schroader's treating and examining physicians.

19.    Ms. Schroader has met and continues to meet the requirements of the Policy necessary to continue receiving LTD benefits.

20.    At all times relative hereto, LINA has been operating under an inherent and structural conflict of interest because any disability benefits provided to Ms. Schroader are paid from LINA's own assets with each payment depleting those same assets.

21.    LINA's corporate culture pressures claims personnel to terminate claims as well as to deny appeals in order to reduce disability benefits it must provide.

22.    Employees who save LINA money by terminating or denying claims are more likely to be rewarded (e.g., with favorable employment reviews, promotions, raises, and bonuses) compared with those who do not.

23.    Ms. Schroader has exhausted her administrative remedies.

24.    Ms. Schroader's complaint is timely and is not otherwise time barred.

<strong>Claims</strong>

**A.    Breach of Contract**

25.    The Policy constitutes a written contract.

26.    LINA breached the terms of the Policy by, among other things, improperly terminating Ms. Schroader's LTD benefits.

27.    LINA's breaches damaged Ms. Schroader, not only in the loss of her disability benefits, but also the loss of earnings on the unpaid benefits, the loss of opportunity, and attorneys' fees and costs incurred.

28.    29 U.S.C. §§1132(a) is the enforcement mechanism permitting Ms. Schroader to

enforce the contractual terms of the Policy, to receive reinstatement and payment of past-due disability benefits, to obtain declaratory relief, and to obtain other appropriate equitable relief including, but not limited to, surcharge, make-whole relief, and disgorgement.

**B.     Attorneys' Fees & Costs**

29.     As a result of LINA's improper conduct, Ms. Schroader has incurred attorneys' fees and costs.

30.     29 U.S.C. §1132(g) is the enforcement mechanism permitting Ms. Schroader to recover her reasonable attorneys' fees and costs.

**Prayer for Relief**

31.     Ms. Schroader requests the Court enter judgment in her favor and against LINA on all claims asserted herein, to include legal and equitable relief as appropriate.

32.     Ms. Schroader requests the Court award reasonable attorneys' fees and costs.

33.     Ms. Schroader requests the Court award pre- and post-judgment interest at the greater of the prime rate, the policy rate, or the rate earned by LINA on the unpaid benefits.

34.     Ms. Schroader requests the Court award any and all other legal or equitable relief to which she may be entitled.

35.     Ms. Schroader requests leave to amend her claims when and as necessary to ensure she receives substantial justice.

36.     Ms. Schroader requests the Court deem her pleadings to confirm to the evidence.

* * * * * * * * * *

Dated:  February 2, 2021          Respectfully submitted,

s/ Andrew M. Grabhorn

**Grabhorn Law | Insured Rights®**
Michael D. Grabhorn
*m.grabhorn@grabhornlaw.com*
Andrew M. Grabhorn
*a.grabhorn@grabhornlaw.com*
2525 Nelson Miller Parkway, Suite 107
Louisville, KY  40223
p: (502) 244-9331
f: (502) 244-9334

***Counsel for Plaintiff Brenda Schroader***